J-S75020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GRETCHEN GEIBEL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY SMITH AND DESIREE | : | |
| HASSELL | : | |
| | : | No. 506 WDA 2017 |
| | : | |
| APPEAL OF: DESIREE HASSELL | : | |

Appeal from the Order Entered March 30, 2017
In the Court of Common Pleas of Mercer County
Civil Division at No(s): 2016-1498

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 06, 2018**

Desiree Hassell appeals, *pro se*, from the judgment of possession entered March 30, 2017, in the Mercer County Court of Common Pleas, regarding Gretchen Geibel's property located at 309 Lunn Boulevard, Farrell, Pennsylvania. Hassell raises three issues on appeal, challenging (1) whether the parties' contract provided for a recovery of funds, (2) whether she received due process; and (3) whether the trial court was biased. For the reasons below, we affirm.

The facts underlying this appeal are summarized by the trial court as follows:

> [] Desiree Hassel[l], along with her live-in boyfriend, Harry Smith, had entered into an Article of Agreement on July 25, 2013 to purchase a house from [] Gretchen Geibel, and the property at 309 Lunn Boulevard, Farrell, Mercer County, Pennsylvania. [Hassell] agreed to purchase the property for $50,000.00 by

making monthly payments of $600.00 per month commencing August 15, 2013 and on the first day of each succeeding month thereafter for 18 months at which time the princip[al] balance would be due. [Hassell] was also obligated to pay all utilities, real estate taxes, insurance, and maintenance of the premises. [Hassell] took occupancy of the property upon executing the Article of Agreement and remained thereafter and still remains in this home.

It is uncontested that [Hassell] stopped making payments on March 1, 2015 when $325.00 was paid to [Geibel]. [Geibel] then continued to pursue the monthly payments and eventually gave a 30 day notice to vacate the premises.

[Hassell] failed to cure the default and/or vacate the premises and [Geibel] filed a Complaint in Ejectment on June 10, 2016 at which time [Hassell] was behind by almost $13,000.00. [Geibel] sought a monetary judgment as well as a judgment for possession of the premises.

This matter was assigned to the undersigned judge as the case manager and the Court met with the parties for an initial status conference on August 16, 2016 at which time [Geibel] appeared with her attorney and [Hassell] appeared *pro se*. The parties entered into settlement discussions at this off the record conference and the Court entered a Case Management Order. The case was then scheduled for the January 2017 trial list for a non-jury trial and a pre-trial conference on December 28, 2016. The Court also established a discovery deadline of October 17, 2016 and directed [Geibel's] attorney to provide [Hassell] a spreadsheet itemizing all of the monetary damages alleged as well as an amortization schedule. [Hassell] was ordered also to file an answer to the complaint by September 15, 2016.

The parties did not engage in discovery and [Geibel] filed a Motion for a Summary Judgment that was scheduled for argument on February 6, 2017 and the trial was continued generally pending resolution of the motion. On February 6, 2017, the Court granted the summary judgment motion as to Harry Smith and he was ordered to vacate the premises by March 12, 2017. Notably, Harry Smith who was also *pro se* in this matter did not file an appeal from the February 6, 2017 Order but is believed to still be residing in the subject house. In addition, on February 6, 2017 [Hassell] appeared again *pro se* and the parties reached an agreement embodied in an Order dated February 6, 2017 wherein

[Hassell] agreed to an Order granting possession of the property to [Geibel] and [Hassell] agreed to vacate the premises by midnight of March 12, 2017, unless she paid the sum of $3,650.00 to [Geibel] by February 16, 2017 and commenced paying $650.00 on the 15th day of the months of March, April and May. The Court scheduled a review conference for May 30, 2017. The February 6, 2017 Order also directed that a stay would be granted automatically for possession in [Geibel] if [Hassell] paid the funds as set forth above.

[Geibel] filed a Motion for Judgment for Possession on March 17, 2017 on the basis that [Hassell] had not complied with the February 6, 2017 agreed upon Order by paying $3,650.00 by February 16, 2017. [Geibel's] motion also averred that [Hassell] was granted an extension to April 2, 2017 to vacate the premises so long as she paid the sum of $1,300.00 to [Geisel] and allowed [Geisel] to inspect the premises. [Hassell] paid the $1,300.00 but inspection of the home did not occur.

[Hassell] appeared again before the Court with [Geisel] and her attorney on March 24, 2017 for a hearing on the Motion for Judgment for Possession and after a hearing the Court granted the Motion for Judgment for Possession and gave possession of 309 Lunn Boulevard to [] Geibel, and gave [Hassell] until midnight of April 2, 2017 to vacate the premises. [Hassell] did not object to this Order. Harry Smith was likewise evicted. The Prothonotary entered judgment for possession on March 30, 2017.

Trial Court Opinion, 7/24/2017, at 1-3. This timely appeal followed.[1]

As noted *supra*, Hassell purports to raise three issues on appeal. First, she argues there was "no affirmation of a contact, or agreement for monies payable past the expiration" of the parties' agreement. Hassell's Brief at 7. She maintains her final payment was made on March 1, 2015, and the contract did not include a "carryover clause." **Id.** at 8. Therefore, Hassell insists

_____

[1] On April 3, 2017, the trial court ordered Hassell to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Hassell complied with the court's directive, and filed a concise statement on April 25, 2017.

- 3 -

Geibel's lawsuit "requesting possession, along with damages for amounts not covered under contract or agreed to, should have been disallowed." *Id.*

Second, Hassell insists she was denied due process because she did not receive proper notice of Geibel's request for repossession of the property. *See id.* at 9. She contends that whether the contract is viewed as a landlord/tenant agreement or an installment land contract, "specific notice, due process, is required to be given prior by the seller/landowner requesting court assistance in reclaiming property." *Id.*

Lastly, Hassell contends the trial court judge was biased against her because (1) the judge and Geibel discussed the fact they had used the same home builder, and (2) the judge presided over a criminal prosecution against Harry Smith. *See id.* at 11-12.

Upon our review of the record, the parties' briefs, and the relevant statutory and case law, we conclude the trial court thoroughly addressed and properly disposed of Hassell's claims in its opinion. *See* Trial Court Opinion, 7/24/2017, at 4-8 (finding (1) recusal was not necessary under the facts of this case, and, in any event, Hassell waived the claim by failing to move for recusal in the trial court;[2] (2) Hassell waived her claim that eviction was not

---

[2] *See* Trial Court Opinion, 7/24/2017, at 4-5. *See also Reilly by Reilly v. Se. Pennsylvania Transp. Auth.*, 489 A.2d 1291, 1300 (Pa. 1985) ("Once the trial is completed with the entry of a verdict, a party is deemed to have waived his right to have a judge disqualified, and if he has waived that issue, he cannot be heard to complain following an unfavorable result.").

a proper remedy once the lease/agreement expired by failing to file preliminary objections or move for summary judgment;[3] (3) the Landlord Tenant Act was not applicable to the present action, and therefore, Geibel was not required to provide notice to vacate under the Act;[4] and (4) in any event, the March 24, 2017, order was "based upon an agreement reached between" the parties).[5]  Accordingly, we rest upon its well-reasoned basis.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/6/2018

---

[3] **See id.** at 5-6.

[4] **See id.** at 6.

[5] **Id.** at 6.  It merits emphasis that during the March 24, 2017, hearing, Hassell conceded that because she did not pay the $3,650.00 due under the parties' extended agreement, Geibel was "entitled to possession."  N.T., 3/24/2017, at 9.

Received 9/6/2017 1:39:02 PM Completed 02/08/2018 12:24 PM

Filed 9/6/2017 1:39:00 PM Superior Court Western District
506 WDA 2017

FILED IN MERCER
COUNTY

2017 JUL 24 AM 10: 09

RUTH A. BICE
PROTHONOTARY

## IN THE COURT OF COMMON PLEAS OF MERCER COUNTY, PENNSYLVANIA
## CIVIL ACTION - LAW

GRETCHEN GEIBEL,
   Plaintiff

  v.            No. 2016 – 1498

HARRY SMITH and
DESIREE HASSEL,
   Defendants

### RULE 1925 OPINION[1]

Appellant, Desiree Hassel, along with her live-in boyfriend, Harry Smith, had entered into an Article of Agreement on July 25, 2013 to purchase a house from appellee, Gretchen Geibel, and the property at 309 Lunn Boulevard, Farrell, Mercer County, Pennsylvania. Appellant agreed to purchase the property for $50,000.00 by making monthly payments of $600.00 per month commencing August 15, 2013 and on the first day of each succeeding month thereafter for 18 months at which time the principle balance would be due. Appellant was also obligated to pay all utilities, real estate taxes, insurance, and maintenance of the premises. Appellant took occupancy of the property upon executing the Article of Agreement and remained thereafter and still remains in this home.

---

[1] This Opinion is untimely for several reasons. First, the parties informally advised the Court of settlement talks which eventually fell through. Second, appellant had requested transcripts, was advised of the modest cost, but never followed through with payment. Hence, the Court ordered transcripts on its own (that were recently completed) for the March 24, 2017 and February 6, 2017 hearings.

It is uncontested that appellant stopped making payments on March 1, 2015 when $325.00 was paid to the appellee. Appellee then continued to pursue the monthly payments and eventually gave a 30 day notice to vacate the premises.

Appellants failed to cure the default and/or vacate the premises and appellee filed a Complaint in Ejectment on June 10, 2016 at which time appellant was behind by almost $13,000.00. Appellee sought a monetary judgment as well as a judgment for possession of the premises.

This matter was assigned to the undersigned judge as the case manager and the Court met with the parties for an initial status conference on August 16, 2016 at which time appellee appeared with her attorney and appellant appeared pro se. The parties entered into settlement discussions at this off the record conference and the Court entered a Case Management Order. The case was then scheduled for the January 2017 trial list for a non-jury trial and a pre-trial conference on December 28, 2016. The Court also established a discovery deadline of October 17, 2016 and directed appellee's attorney to provide appellant a spreadsheet itemizing all of the monetary damages alleged as well as an amortization schedule. Appellant was ordered also to file an answer to the complaint by September 15, 2016.

The parties did not engage in discovery and appellee filed a Motion for a Summary Judgment that was scheduled for argument on February 6, 2017 and the trial was continued generally pending resolution of the motion. On February 6, 2017, the Court granted the summary judgment motion as to Harry Smith and he was ordered to vacate the premises by March 12, 2017. Notably, Harry Smith who was also pro se in this matter did not file an appeal from the February 6, 2017 Order but is believed to still be residing in the subject house. In addition, on February 6,

2

2017 appellant appeared again pro se and the parties reached an agreement embodied in an Order dated February 6, 2017 wherein appellant agreed to an Order granting possession of the property to appellee and appellant agreed to vacate the premises by midnight of March 12, 2017, **unless** she paid the sum of $3,650.00 to appellee by February 16, 2017 and commenced paying $650.00 on the 15th day of the months of March, April and May. The Court scheduled a review conference for May 30, 2017. The February 6, 2017 Order also directed that a stay would be granted automatically for possession in the appellee if appellant paid the funds as set forth above.

Appellee filed a Motion for Judgment for Possession on March 17, 2017 on the basis that appellant had not complied with the February 6, 2017 agreed upon Order by paying $3,650.00 by February 16, 2017. Appellee's motion also averred that appellant was granted an extension to April 2, 2017 to vacate the premises so long as she paid the sum of $1,300.00 to the appellee and allowed appellee to inspect the premises. Appellant paid the $1,300.00 but inspection of the home did not occur.

Appellant appeared again before the Court with appellee and her attorney on March 24, 2017 for a hearing on the Motion for Judgment for Possession and after a hearing the Court granted the Motion for Judgment for Possession and gave possession of 309 Lunn Boulevard to appellee, Gretchen Geibel, and gave appellant until midnight of April 2, 2017 to vacate the premises. Appellant did not object to this Order. Harry Smith was likewise evicted. The Prothonotary entered judgment for possession on March 30, 2017.

3

Appellant, Desiree Hassel, then filed an appeal to the Superior Court on March 31, 2017 which included a statement of the background of the case wherein appellant admitted her last payment was March 1, 2015 and submitted a statement of questions involved as well as her argument. An appeal conference was scheduled for April 25, 2017 and appellant was directed to submit a Statement of Errors Complained Of which was filed by appellant on April 25, 2017.

In her Statement of Errors Complained Of, appellant lists three primary issues. One of those issues is whether or not this Court should have recused itself from any proceedings in this matter for two reasons. First, that the Court had a "casual acquaintances with the plaintiff." Appellee, Gretchen Geibel, was generally known to the Court (although the Court had never met her) until the initial status conference held August 16, 2016. The only connection between the Court and appellee was that they had a general contractor in common who built both of their homes several miles apart and the Court's general contractor had made reference to her from time to time. This information was disclosed to all parties at the status conference and none of the parties at any time indicated or requested that the Court recuse. Furthermore, the Court felt no need initially or at any time thereafter to recuse based upon that limited information about Ms. Geibel.

Appellant also argues that recusal should have occurred because this Court also presided over her co-defendant/boyfriend's criminal case that was unrelated to this civil lawsuit. In that criminal case, Harry Smith pled guilty to theft related charges and the Court obtained information in a pre-sentence investigation report prior to sentencing Mr. Smith on March 27, 2017. That information pertained to appellant's dismissal from her employment with a "healthy severance package" and

4

a reference in the PSI that she had earned $88,000.00 the prior year.  *See* Transcript dated March 24, 2017, pages 4-5.

On March 24, 2017 when appellant and appellee and her attorney were in Court regarding the Motion for Judgment of Possession, this Court did address to the appellant that information contained in the PSI which painted a more glowing view of appellant's income and assets than she had been representing throughout the civil lawsuit as the parties discussed settlements and reasons for non-payment since 2015.  Appellant took issue with the information and advised the Court that the information was incorrect.

Once again the parties reached an agreement for the March 24, 2017 Order, and appellant never requested that the Court recuse, nor did the Court feel conflicted in any way based upon the PSI information and its limited prior information about appellee.  Furthermore, appellant has waived this issue by failing to raise it at any time in this litigation.

Appellant next argues that the Court should not have allowed the suit to proceed against her in ejectment with a request for damages of rental monies claimed after the agreement expired.  Unfortunately, appellant's legal education is limited as is her knowledge of the varying nuances between articles of agreement (land contracts) and the process of ejecting a person under that type of agreement and suing for damages.  She conflates the remedies in a lease with the remedies in ejectment.

While there were times during the various conferences and arguments on motions during this litigation that appellant mentioned issues of eviction pursuant to leases that may have expired and/or land contracts that may have expired and the

5

proper remedies that may have been available, at no point did she file preliminary objections raising these issues or a motion for summary judgment after the completion of discovery challenging appellee's claims under appellant's arguments. Hence, appellant has waived once again her right to raise this issue for the first time on appeal.

Finally, appellant argues that the Court should not have allowed this lawsuit to proceed without requiring evidence of the service of a notice to vacate under the Landlord Tenant Act. She argues that this would have been a due process violation and that the Court should therefore not have permitted the entry of judgment for possession. She also argues that the acceptance of money by the appellee from her in March and April of 2017 would make judgment for possession premature.

Once again, appellant is confusing the legal status of her relationship with the appellee under the land contract. The Landlord Tenant Act is simply not applicable to this situation and that action in ejectment was the appropriate procedure and cause of action to pursue for appellee to regain possession of this house and property. Thus, notice was not required to vacate under the Landlord Tenant Act.

Even if appellant is correct on any issue, her appeal on any of these issues should nonetheless be denied because the March 24, 2017 Order is based upon an agreement reached between appellant and appellee. Appellant represented to the Court (as she had on previous occasions in this case) that she would make her monthly payments, and on this particular occasion she had agreed at the February 6, 2017 argument on the summary judgment motion, to pay a lump sum of

6

$3,650.00 by February 16, 2017 and begin paying $650.00 per month.[2]   She also agreed on February 6, 2017, as the Order of that date indicates, that possession of the property was granted to Gretchen Geibel but that the possession provision was stayed so long as appellant made her lump sum and monthly payments.   The Court properly scheduled a review conference for May 30, 2017 to monitor her compliance with the February 6, 2017 agreed upon Order.   Appellee at all times in the case bent over backwards to avoid the necessity of removing the appellant from the home by giving her every opportunity to cure the default by demonstrating a successful pattern of paying her monthly obligation.   Appellee even went further than the February 6, 2017 Order and made an additional agreement with appellant thereafter giving her an extension.

Despite all of those efforts by the appellee, appellant continued to renege on her agreements, resulting in the final agreement embodied in the March 24, 2017 Order granting a judgment of possession for the appellee but giving the appellant the time she had requested (April 2, 2017) to vacate the property.   Accordingly, appellant's payment of the monthly payments for March and April of 2017 were insufficient pursuant to the agreement reached between the parties rendering the judgment for possession premature.

Simply stated, appellant and appellee continued throughout this case to reach agreements to bring appellant in compliance with the Article of Agreement so that she would not have to leave the property.   Appellant continuously came up with excuse after excuse, then entered into agreements that were embodied in the

---

[2] See Transcript of February 6, 2017 hearing, page 5, where appellant was asked if the Order dictated in her presence was acceptable, to which she responded "it is."

7

February 6 and March 24, 2017 Orders that were settlement agreements. Thus, the Court properly entered a judgment for possession in favor of appellee that was agreed upon if appellant did not fulfill her end of the agreements. This was done not pursuant to any Court determination on a motion, but as a consequence for appellant's continual breach of various agreements reached to settle this matter. Hence, the trial court respectfully requests that the Superior Court of Pennsylvania enter an Order affirming the entry of judgment for possession of the property at 309 Lunn Boulevard, Farrell, Mercer County, Pennsylvania to appellee, Gretchen Geibel.

BY THE COURT:

Date:   July 24, 2017

_____ J.
Christopher J. St. John, Judge

rmb

8